UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARANGELIS RAMOS o/b/o N.S.,

                        Plaintiff,

v.

ANDREW SAUL,
Commissioner of Social Security,

                        Defendant.
_____

DECISION AND ORDER

18-CV-0940L

Plaintiff, on behalf of her minor son, N.S., appeals from a denial of supplemental security income benefits by the Commissioner of Social Security ("the Commissioner"), based on the Commissioner's finding that N.S. was not disabled.

Plaintiff protectively filed an application for Supplemental Security Income on March 27, 2015, on N.S.'s behalf, claiming disability as of August 1, 2014. That claim was initially denied on September 1, 2015. Plaintiff requested a hearing, which was held on November 20, 2017 before Administrative Law Judge ("ALJ") Sharon Seeley. On January 3, 2018, the ALJ issued a decision concluding that N.S. was not disabled. (Dkt. #7 at 51-69). That decision became the final decision of the Commissioner when the Appeals Council denied review on June 29, 2018. (Dkt. #7 at 45-47). Plaintiff now appeals.

Plaintiff has moved for judgment remanding the matter for further proceedings (Dkt. #12), and the Commissioner has cross moved (Dkt. #19) for judgment on the pleadings, pursuant to Fed.

R. Civ. Proc. 12(c). For the reasons that follow, I find that the Commissioner's decision is supported by substantial evidence, and was not the product of legal error.

## DISCUSSION

### I. Relevant Standards

Because N.S. is a child, a particularized, three-step sequential analysis is used to determine whether he is disabled. First, the ALJ must determine whether the child is engaged in substantial gainful activity. *See* 20 CFR §416.924. If so, he is not disabled. If not, the ALJ proceeds to step two, and determines whether the child has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the child's impairment meets or equals the criteria of a listed impairment. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §416.924) – that is, if the child's impairments are functionally equivalent in severity to those contained in a listed impairment – the child is disabled. If not, he is not disabled. In making this assessment, the ALJ must measure the child's limitations in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. Medically determinable impairments will be found to equal a listed impairment where they result in "marked" limitations in *two or more* domains of functioning, or an "extreme" limitation in one or more. 20 CFR §§416.926a(a), (d) (emphasis added).

The Commissioner's decision that N.S. is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

## II. The ALJ's Decision

The ALJ initially found that since the March 27, 2015 application date, N.S. (9 years old at the time of the application) has had the severe impairments of speech/language delay, attention deficit hyperactivity disorder ("ADHD"), asthma and obesity. (Dkt. #7 at 54). The ALJ proceeded to analyze whether N.S. has any "marked" or "extreme" limitations in any of the six domains of functioning. Based on the medical, educational and testimonial evidence presented, the ALJ concluded that since March 27, 2015, N.S. has had a less than marked limitation in acquiring and using information, a less than marked limitation in attending and completing tasks, a less than marked limitation in interacting and relating with others, no limitation in moving about and manipulating objects, a less than marked limitation in caring for himself, and a less than marked limitation in health and physical well-being. The ALJ accordingly concluded that N.S. is "not disabled." (Dkt. #7 at 60-69).

## III. Inconsistencies in the ALJ's Opinion

Initially, plaintiff argues that the ALJ's decision is so confusing and internally inconsistent as to frustrate meaningful review. Specifically, in her discussion of the domain of acquiring and using information, the ALJ wrote that the opinion of social worker Shajada Uddin concerning plaintiff's "moderate" limitations in family life, self-control and learning ability was entitled to "substantial" weight, and was "consistent with . . . [a] marked limitation in Acquiring and Using Information." (Dkt. #7 at 59). In assessing the opinion of speech-language therapist Elizabeth Mobley relative to N.S.'s ability to acquire and use information, which the ALJ likewise gave

3

"substantial" weight, the ALJ observed that "the record does not support that the kind of language delays described by Ms. Mobley have resulted in marked limitation in any *other* domain." (Dkt. #7 at 60) (emphasis added).

Having stated that Ms. Uddin's opinion supported marked limitations in acquiring and using information, and having implied that the language delays described by Ms. Mobley might also, the ALJ nonetheless went on to find that N.S. had a "less than marked" limitation in that domain.

The Court is unconvinced that the ALJ's use of clumsy verbiage in two sentences out of a 19-page opinion has deprived it of meaningful review of her decision. Initially, the ALJ's discussion of Ms. Mobley's opinion may have been oddly worded, but it does not necessarily present a contradiction: the context indicates that in referring to the lack of evidence of marked limitations in "any other domain," the ALJ was simply explaining that she had only considered the speech-language therapist's report "in the domain of Acquiring and Using information," because she didn't find that it described significant limitations that would be relevant to any other domain. It does not, on its face, amount to a finding that N.S. had a marked limitation in the domain of acquiring and using information.

The ALJ's statement concerning Ms. Uddin's opinion, however, does present either a clear logical contradiction, or else a typographical error. Ms. Uddin's opinion stated that plaintiff has at least "moderate" limitations in "learning ability": "[Mother] reports [N.S.'s] behavior in school is disruptive, [N.S.] did poorly in school last year, and has an IEP." (Dkt. #9 at 278). Because this is the opinion's entire assessment of N.S.'s learning ability (indeed, the ALJ described it as "vague and not sufficiently explained," Dkt. #9 at 59), it is unclear whether the ALJ subjectively found that these scant facts suggested marked limitations in using and acquiring information but

4

then came to a contrary conclusion in her decision, or whether she simply misstated her finding and meant to indicate that the opinion described "*less than* marked" limitations.

Fortunately, regardless of the ALJ's inscrutable mention of Ms. Uddin's opinion as supporting a marked limitation in the area of acquiring and using information, her discussion of the domain is otherwise sufficiently detailed and thorough to permit meaningful review, and her conclusion that N.S.'s limitations in the domain are "less than marked" is supported by substantial evidence. The ALJ relies upon objective testing results (e.g., Woodcock-Johnson IV Tests of Achievement scores in the low to low-average range), N.S.'s I.Q. scores (well above the range that would reflect a "marked" limitation), N.S.'s grades in school (a "B" average), teacher questionnaires, and the opinion of consultative examiner Dr. Gregory Fabiano (who administered I.Q. testing and assessed a moderate limitation in the ability to follow and understand instructions), to demonstrate that N.S.'s limitations in the domain of acquiring and using information are less than marked. (Dkt. #9 at 60-62).

Moreover, even assuming *arguendo* that the ALJ erred in her assessment of the domain of acquiring and using information, and that the ALJ either intended to find, or should have found, that N.S. had marked limitations in that domain, any error therein would have been harmless, and remand for further proceedings would be futile. N.S. would have been found "not disabled" regardless of whether the ALJ found a marked limitation in the domain of acquiring and using information, because a finding of disability requires marked limitations in at least *two* domains, or extreme limitations in one. Here, the record does not support a marked limitation in any of the other functional domains, let alone an extreme limitation in any domain. Accordingly, the same conclusion would have been reached in any event.

**IV. The ALJ's Assessment of the Opinions of Record**

Plaintiff also argues that the ALJ erroneously ignored the October 7, 2016 opinion of school speech pathologist Gabrielle Moore, and failed to properly consider the October 13, 2016 opinion of school psychologist Dr. Phillip C. Pratt.

Initially, it does not appear that the ALJ did overlook Ms. Moore's opinion, which consisted of a half-page summary report concerning N.S.'s progress in speech therapy for the 2016-2017 school year. (Dkt. #9 at 285). Although the ALJ did not mention Ms. Moore by name, she summarized and discussed the specific findings contained in Ms. Moore's report. (Dkt. #9 at 57-58, describing "Exh. 5F," Ms. Moore's report). As such, the ALJ did not ignore or fail to consider Ms. Moore's opinion.

The ALJ did neglect to specify the amount of weight given to Dr. Pratt's October 13, 2016 report, which was rendered in connection with the district's review of N.S.'s IEP. However, the ALJ discussed it in detail, describing Dr. Pratt's observations of plaintiff (good classroom behavior, age-appropriate activity, but limited persistence and "significant processing difficulties" in math) his assessment of plaintiff's most recent I.Q. score (84, indicating low-average intelligence), and his recommendation that plaintiff receive closer monitoring of his homework at home. The ALJ proceeded to describe N.S.'s academic performance during the 2016-2017 school year (grades in the 80s and 90s, with the lowest being a 70 in math at the beginning of the year), his IEP report (with goals that included reducing distractions), and academic status (completion of 7th grade, on track for a Regents diploma), all of which were consistent with Dr. Pratt's observations and I.Q. assessment. (Dkt. #9 at 58-59, 287-89). Plaintiff argues that the ALJ committed reversible error when she cherry-picked Dr. Pratt's opinion by failing to also mention that Dr. Pratt also found that N.S. "continues to meet criteria of learning disabled," due to

6

"significant processing difficulties in the area of math . . . [and] struggles with non-verbal issues." (Dkt. #9 at 289).

The Court disagrees. Dr. Pratt's observations concerning plaintiff's classroom conduct and I.Q. generally support the ALJ's finding that plaintiff's limitations in the area of acquiring and using information were less than marked, and as the ALJ noted, despite N.S.'s "significant difficulties" in math, his math grade improved (to a 75) later that year. (Dkt. #9 at 59). The ALJ also does not appear to have overlooked N.S.'s learning disability diagnosis: the ALJ's decision relates that plaintiff's IEP identified him as learning disabled (Dkt. #9 at 56), and observes that plaintiff has been "classified as learning disabled and was placed in a small classroom setting." (Dkt. #9 at 58).

Because the ALJ's finding concerning N.S.'s limitations in acquiring and using information were informed by a complete review and discussion of the record (including Ms. Moore's and Dr. Pratt's opinions) and were supported by substantial evidence, the ALJ's failure to specify the precise weight given to the those opinions is harmless error. *See Staley v. Saul*, 2020 U.S. Dist. LEXIS 29157 at *12-*13 (W.D.N.Y. 2020) (ALJ's failure to assign a specific weight to an opinion of record is harmless error, where the ALJ discusses the opinion in detail and makes findings that are generally consistent with it); *Buscemi v. Colvin*, 2014 U.S. Dist. LEXIS 134827 at *34-*35 (W.D.N.Y. 2014) (same). Moreover, as noted above, even assuming *arguendo* that the ALJ erred when she failed to conclude that N.S. has marked limitations in the domain of acquiring and using information, such error would be harmless, as N.S. would still have been found not disabled.

I have considered the rest of plaintiff's claims, and find them to be without merit.

7

## CONCLUSION

For the foregoing reasons, I find that the ALJ's decision is supported by substantial evidence, and was not the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #12) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #19) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 18, 2020.